I say it was argued on the theory that he died of the injuries complained of in the petition. I deem the establishment of that fact essential to a final decision of this question.
It is urged on the part of the defendant objecting to this evidence, these facts appearing, and it appearing that he died of these injuries, that Sections 6134 and 6135 provide the exclusive remedy for recovering for any injury he may have received causing his death. It is argued on behalf of the plaintiff that there are two remedies; that Section 4975 provides that—
“In addition to the causes of action which survive at common law, causes of action for mesne profits, or for injuries to the person or property, or for deceit or fraud, shall also survive ; and the action may be brought, notwithstanding the death of the person entitled or liable to the same. ’ ’
That in his lifetime, this man now deceased, had a cause of action for his injuries in him, which was one cause of action, which survived by his death by Section 4975 to his personal representatives for the benefit of his estate, and Sections 6134 and 6135 create another cause of action independent of the cause of action of the deceased in his lifetime, and which is . now sought to be enforced.
Now, the courts of this country differ widely as to whether or not provisions similar to the provisions of our code — 4975, 5144 and 6134 — create two causes of action, or only one, in the case where death results from a wrongful injury, and I pass on this so quickly after argument by plaintiff’s counsel, because I recognize the fact that there is dispute upon authority upon the proposition, and the matter must be worked out by this court, consonant with the decisions of the higher courts of this state.
“Section 4975. In addition to the causes of action which survive at common law, causes of action for mesne profits, or *663 for injuries to the person or property, or for deceit or fraud, ■shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same. ’ ’
“Section 5144. Except as otherwise provided no action •or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall ■abate by the death of either party.”
“Section 6134. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would' (if death had-not ensued), have entitled the party injured to maintain an action and recover ■damages in respect thereof, then and in every such case the •corporation which, or the person who would have been liable if death had not ensued, or the administrator or executor shall be liable for an action for damages,” etc.
“Section 6135. Every such action shall be for the exclusive benefit of the wife or husband, and children, or if there be neither of them, then of the parents and next of kin,” etc.
That is the form of action. It would seem that there is room for doubt if this were an original question. In applying reasoning to it, there .might be serious room for doubt whether or not 6134 and 6135 were not intended to create a liability, a cause of action, independent of the cause of action that existed in the decedent. It is settled in this state, however, that if a party lives, suffers pain, and brings an action, and settles that action, there being a satisfaction between him and the party claimed to be negligent, and he dies of his injuries, that that is a final settlement and a bar to further recovery. It is settled in this state, I take it, that if a cause of action is barred by the •statute of limitations prior to the death of the party who is injured, that is a bar to recovery by the next of kin under Sections 6134 and 6135.
Now, that, in the mind of the court, is absolutely inconsistent with separate and distinct causes of action, because, if Sections 6134 and 6135 created a liability and a new cause of action, it is not dependent upon the prior cause of action, and the fact that a cause of action may be settled by the decedent in his *664 lifetime could not affect it. If it is a separate cause of action, how could satisfaction by somebody, who has not that cause of action, liquidate and settle the cause of action which is not in him? That far our courts have gone; that is settled in the 15th Circuit Court Reports, page 581. I read the syllabi of that ease:
“2. The limitation of an action under Section 6135 of the Revised Statutes, for causing death from wrongful act, runs from the death of the person who dies from the wrongful act. And the right to maintain the action is not affected by the lapse of time between the injury and the death, unless recovery by the deceased person, had not death ensued, is barred by the statute of limitations at the time of death.
“3. A contract of settlement, unimpeached for cause, made by the deceased in his lifetime with the person whose unlawful act is the cause of death, for the injury which resulted in the death, the terms of which contract were complied with in the lifetime of the deceased, by the party whose unlawful act caused the death, when so pleaded, and established, is a bar to an action by his administrator under Section 6134 of the Revised Statutes.
“4. Section 6134, which warrants an action for causing death by wrongful act, does not create a second liability, and is not double liability for the same wrong, but implies that the liability for the wrong has not been satisfied; that the penalty for the wrongful act and result has not been paid; and the wrongdoer being deemed to be still liable for the wrong, the statute determines in whose favor the liability still exists, and points out the remedy by which satisfaction of it may be enforced.
‘ ‘ 5. An action for death by wrongful act can only be maintained by the personal representative of deceased, when such condition exists, at the time of death, that the deceased, had not death ensued, could' have maintained an action for the injury.
“6. If deceased in his lifetime debarred himself from recovery, and had no cause of action at the time of his death, no action would arise in favor of his next of kin at his death, and his administrator would be precluded from maintaining an action under Section 6134.”
Therp is a discussion on a later page of this opinion with respect to these matters, but that announces this rule. If there was a settlement accord and satisfaction between Michael Gallagher and this defendant in his lifetime, that would be a bar *665 to recovery here. How could that be if there is a new cause of action created by Section 6134? There is a case in the 16th Circuit Court. I read the second syllabus, page 470:
“Where death was caused by the injury, and the action is brought by the administrators under the statute, admissions of the deceased as to the manner in which the accident happened are admissible.”
This decision is by Judge Smith, of the circuit court, whom we all know is a strong judge, and it is in the line of the holding of the 58th O. S., 400. And what is the theory upon which this admission is made admissible? It is that the decedent, making these admissions, was in privity with the heirs, representing the same cause of action, making admissions with respect to the same liability.
If Section 6134 creates a new and independent cause of action, and in the decedent there is another cause of action, his admissions might bind him as to enforcing that cause of action in him, but it could not bind anybody that, is not in privity with him. One could only be in privity with him when he was seeking to enforce the same liability.
Now, our Supreme Court has said things that I think can not be misunderstood, and I feel that there is no room for this court to hold anything, except one thing, in this contention.
I want simply to read the language of the court in 58 O. S., 407-8. I feel bound by the language of the Supreme Court in that case:
“The statute must be construed in connection with the common law as it existed at and before its passage. While at common law the party injured by the negligence of another had a right of action against such party for damages, such right of action does not survive, but abates at his death.
“The effect of the statute is to pick up this abated right of action of the deceased, and permit it to be prosecuted by the administrator, for the benefit of the next of kin. It is not a new right of action that is prosecuted by the administrator, but it is the same right of action which the deceased had until his death. Upon the death of.the injured party, the right of action by the force of the statute passes by succession to the administrator for the benefit of the next of kin.”
*666 ■ What passed — the right of action to recover damages present andl prospective has passed by succession by Sections 6134 and 6135, to the administrator for the benefit of the next of kin to be enforced according to the terms of the statute. The rule of damages is different, but it is the same cause of action passed by succession, and it would have been abated but for the statutes, Section 6134. The Supreme Court in the 58 O. S., at page 408, further say:
■ “This succession more clearly appears when considered with reference to the defendant. By his wrongful act he caused an injury which caused a pecuniary loss to both the injured party and to his next of kin. The right of action to recover damages in respect to such act, rests in the injured party alone, so long as he lives, and should he be compensated in his lifetime no action can be maintained by his administrator ■or next of kin for damages, even though it should be clear that the next of kin sustained a great pecuniary loss by reason of the wrongful act. In such cases the pecuniary loss sustained by the next of kin is deemed compensated by the increase of the estate of the deceased. Should the defendant fail to make compensation to the injured party during his lifetime, the liability to make compensation for the pecuniary injury resulting from the wrongful act, instead of abating as at common law, is by force of the statute kept alive, and the administrator succeeds to the right to bring an action upon such liability to recover damages, in the nature of compensation, for the pecuniary loss sustained by the next of kin by reason of such wrongful act. The liability of the defendant to the party injured, and the liability over to the administrator for the benefit of the next of kin, is for the same wrongful act, and is the same liability, and such liability does not exist in favor of the injured party and his next of kin at the same time, but in succession. There is no new liability created by the statute upon death of the injured party, but the right of succession in the administrator to recover upon the liability already existing, is created.”
Whatever may be the authorities of the other states, and there is conflict of authority, I think that our Supreme Court has held that this Section 6134-5 does not create a new liability; that it picks up the cause of action in the decedent and carries it over to the benefit of the next of kin. And. whatever might be the law upon this as an original question, *667 this court has nothing to do but to hold that this is the law, and that will be the holding.
The court holds that where a person is injured by the wrongful act of' another, and suffers on account of those injuries, and brings an action in his lifetime and dies of his injuries pending the action, that his administrator can not revive the action and prosecute it as his representative under Section 5144. The only action that can be prosecuted after his death in such case is the action for wrongful death under Sections 6134 and 6135.